**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4747**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

YOUNIS EL SAYEDRI, a/k/a Younis Badri, a/k/a Younis
Abdulkarim Mohamed El Sayedri, a/k/a Younis Abdalkarim
Mohamed, a/k/a Younis Abdel Mohamed Badri, a/k/a Younis
Abdelkar Badri, a/k/a Youngish Elsayedri,

               Defendant - Appellant.

———————————

**No. 13-4761**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

RUNEEN SABAR, a/k/a Runeen Mohamed Osman Sabar, a/k/a Maryam
Hasan Khariri, a/k/a Runeen Bar Mohamed Osman Sabar, a/k/a
Runeen Mohamed Osman Ali Sabar, a/k/a Runeen Mohamed Osman,
a/k/a Ariej Ali, a/k/a Ariej Mossman Ali Sabar,

               Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Anthony J. Trenga,
District Judge. (1:12-cr-00290-AJT-1; 1:12-cr-00290-AJT-2)

Submitted:  July 29, 2014                    Decided:  August 22, 2014

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph J. McCarthy, DELANEY, MCCARTHY & COLTON, P.C., Alexandria, Virginia; Gretchen L. Taylor, TAYLOR LAW COMPANY, Fairfax, Virginia, for Appellants.  Dana J. Boente, United States Attorney, C. Alexandria Bogle, Special Assistant United States Attorney, Julia K. Martinez, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Younis El Sayedri ("El Sayedri") and Runeen Sabar ("Sabar"), were convicted of one count of conspiracy to commit immigration document fraud and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 371, 2 (2012). El Sayedri was also convicted of one count of passport forgery, in violation of 18 U.S.C. § 1543 (2012), and one count of making false statements, in violation of 18 U.S.C. § 1001 (2012). We affirm.

The appellants contend that the district court erred in denying their motion for a judgment of acquittal. We review de novo the district court's denial of a Rule 29 motion. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government, the court must affirm." United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is that evidence which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir.) (internal quotation marks omitted)), cert. denied, 134 S. Ct. 464 (2013). The court does not "review the credibility of the witnesses and assume[s] that

the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

To support a conviction for conspiracy to commit immigration document fraud, the Government must prove beyond a reasonable doubt that there was an agreement between two or more persons to commit immigration document fraud, by agreeing to present an application or document required by immigration laws that will contain a false statement of a material fact and that at least one of the conspirators engaged in an overt act in furtherance of that agreement. United States v. Archer, 671 F.3d 149, 154 & n.1 (2d Cir. 2011).

We have reviewed the appellants' claims and conclude they are without merit. Although the appellants contend that no conduct relating to the charge began in 2000, as the indictment alleged, the beginning date of the conspiracy is not an element of the offense. United States v. Queen, 132 F.3d 991, 999 (4th Cir. 1997) (factfinder may find that the conspiracy started at anytime within the alleged time frame). Also, after reviewing the record, we conclude that there was sufficient evidence to support the conspiracy charge. Likewise, regarding El Sayedri's other two convictions, we conclude that both are supported by sufficient evidence.

The appellants also challenge the district court's denial of a motion for a mistrial, which we review for an abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (discussing motion for mistrial). The district court's denial "will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). We conclude that the appellants' challenge to the district court's denial of their motion for a mistrial after a third defendant was dismissed from the case is wholly without merit.

We also conclude that the charges were properly joined and that the district court did not err in denying the appellants' motion for a severance, as the charges were logically related to each other. See United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Finally, we conclude that the court did not abuse its discretion when it denied the motion for a mistrial after it granted a judgment of acquittal as to some, but not all of the charges. See United States v. Hornsby, 666 F.3d 296, 311 (4th Cir. 2012).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

5